KAMALA D. HARRIS
Attorney General of California
RICHARD F. WOLFE
Supervising Deputy Attorney General
TERRY R. PRICE
Deputy Attorney General
State Bar No. 171531
 600 West Broadway, Suite 1800
 San Diego, CA 92101
 P.O. Box 85266
 San Diego, CA 92186-5266
 Telephone: (619) 738-9533
 Facsimile: (619) 645-2581
*Attorneys for Defendant CHP Officer Aaron Rothberg*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **TONI ANTONELLIS**, <br><br> Plaintiff, <br><br> v. <br><br> **CHP OFFICER AARON ROTHBERG, DOES 1-15**, <br><br> Defendant. | Case No. 8:15-cv-00024-JVS-JCG <br><br> **STIPULATED PROTECTIVE ORDER** |

**IT IS HEREBY STIPULATED** by and between the Parties to the above-entitled action captioned *Toni Antonellis v. CHP Officer Aaron Rothberg, et al.*, by and through their respective attorneys of record, that in order to facilitate the exchange of information and documents which may be subject to confidentiality limitations on disclosure due to federal laws. state laws, and privacy rights, the Parties stipulate as follows:

1. Plaintiffs and Defendants, by and through their attorneys of record, have stipulated to the following and jointly move this Court for entry of a Protective Order governing use and disclosure of CERTAIN CALIFORNIA HIGHWAY

1

PATROL RECORDS previously requested by Plaintiffs in document demands in this action. Plaintiffs served Requests for Production of Documents and Things on Defendant CHP Officer Aaron Rothberg and a substantively identical Subpoena Duces Tecum to CHP at the Capistrano Area Office; in response thereto, Defendant CHP Officer Rothberg and CHP are jointly producing documents deemed privileged and/or confidential, specifically, documents control-numbered D0001 – D0465, excluding any such documents identified via privilege log. Documents produced include, but are not limited to, the following:

1. Excerpted and redacted portions of California Highway Patrol Manual 70.6 Chapters 1, 3, 8, 9, and 21;
2. Excerpted and redacted portions of California Highway Patrol Manual 100.68 Chapter 1;
3. Non-privileged documents contained in CHP Officer Aaron Rothberg's personnel and training files;
4. Incident Detail Report;
5. Capistrano Car Wash receipt;
6. Non-privileged documents related to criminal case involving Plaintiff;
7. Non-privileged documents related to citizen's complaint by Plaintiff;
8. MVARS related documents;
9. Arrest – Investigation Report.

2. Plaintiffs and their attorneys in this action are expressly prohibited from using or disclosing the CERTAIN CALIFORNIA HIGHWAY PATROL RECORDS obtained pursuant to this Order for any purpose other than the evaluation of the claims and defenses in this action, and for the development, preparation, and presentation of Plaintiffs' claims in the present action. Defendants may also use and disclose the identified records for evaluation of the claims and defenses in this action, and for the development, preparation, and presentation of

1  Defendants' defenses in the present action.  However, Defendants may also
2  continue to use and disclose the identified records as Defendants and/or the
3  California Highway Patrol would need to use and disclose them in the ordinary
4  course of business and/or for any other present or future litigation (criminal, civil,
5  and/or administrative) and/or personnel matters in which the records may need to
6  be used or disclosed.

7      3.    Such permitted use includes disclosure of the CERTAIN CALIFORNIA
8  HIGHWAY PATROL RECORDS to the following described persons or entities in
9  the course of this action, all of whom shall be advised of the Protective Order and
10 the obligation for them to comply with the Protective Order:

11     a.    The parties' attorneys of record in this action, and members of the
12 paralegal, secretarial, and clerical staff employed or retained by the parties'
13 attorneys of record and assisting in connection with this action.

14     b.    Members of the data entry and data processing staff employed or
15 retained by the parties' attorneys of record and assisting in the development or use
16 of data retrieval systems in connection with this action.

17     c.    Court reporters employed by a party holding depositions to
18 transcribe the testimony produced in any depositions necessitated by this action.
19 Every court reporter shall separately bind transcript exhibits consisting of any of the
20 CERTAIN CALIFORNIA HIGHWAY PATROL RECORDS and shall place on
21 the first page of each such bound portion the following legend:

> "This transcript contains documents designated confidential pursuant to the Protective Order in the case of *Toni Antonellis v CHP Officer Aaron Rothberg, et al.*, USDC, Central District, Case 8:15-cv-0024-JVS-JCG.  These documents are not to be disclosed to anyone to whom their disclosure is not expressly permitted by said protective order.  I further agree that any information designated confidential pursuant thereto which is delivered to me will be segregated and kept by me in a safe place, and will not be made known to others except in accordance with the terms of said Protective Order.  I further understand and agree that any summaries or other documents containing knowledge or information obtained from confidential documents or information furnished to me shall also be treated by me as confidential.  I further agree to notify any stenographic or clerical personnel who are required to assist me of the terms of said Protective Order.  I also agree to dispose of

all such confidential documents and all summaries or other documents containing knowledge or information obtained therefrom in such manner as I may be instructed after completing my services."

    d.    Expert witnesses retained by the parties either for consultation in the course of preparation of their claims or defenses for trial and/or for use by such expert witnesses in the preparation of their testimony for deposition or trial and for giving actual testimony.

    e.    Those members of the California Highway Patrol (including said agency's Staff Attorneys assigned to handle this litigation) and/or other State agencies, entities, or officials who must be consulted on settlement offers or negotiations.

    f.    Those personnel employed by copy services and exhibit production service companies that may be hired by the parties' counsel to duplicate documents and/or to prepare trial exhibits in this action.

    g.    Jury consultants hired by the parties to assist in the trial of this matter.

    h.    A mutually-agreed-upon mediator retained by the parties' attorneys of record.

4.    All documents subject to this stipulation and Protective Order shall be conspicuously marked "CONFIDENTIAL."

5.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

    a.    Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

///

    b.  Meet and Confer. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

    c.  Judicial Intervention. If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under <u>Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable)</u> within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is

good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

6. Highly Confidential Information—Attorney's Eyes Only. Any document or thing that a party in good faith believes to contain highly confidential information that is not publicly available (such as a trade secret, or highly confidential research and development, commercial, or other sensitive information) may be produced by that party with the clear and obvious designation "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY."

7. If the parties seek to file or submit any of the CERTAIN CALIFORNIA HIGHWAY PATROL RECORDS in support of any future pleadings or motions, those records shall be filed with a motion requesting that they be held by the Court under seal. Subject to any other evidentiary objections that may pertain to the records, the parties shall also not attempt to admit at trial any of the CERTAIN CALIFORNIA HIGHWAY PATROL RECORDS into evidence without first requesting that the Court keep the records under seal. For purposes of litigating the claims and defenses involved in this action, the parties are not prohibited by this stipulation and protective order from seeking to introduce into the record (as part of motions, as trial evidence, or on appeal) any of those documents which the Court

declines to seal. Those documents which the Court rules must be kept under seal can also be used by the parties in motions, as trial evidence, and on appeal subject to compliance with the Court's determination of the procedures under which the documents are to be maintained under seal.

8. Interrogatories, documents requests, requests for admissions, and responses thereto, as well as any other court paper, briefs, motions or letters, which contain or reflect Confidential Materials within the terms of this Order shall be segregated and prominently so marked in accordance with paragraph 1 hereof.

9. No reproduction of information contemplated by this Protective Order is authorized, except to the extent that copies are required to prepare the case for trial. All copies, excerpts, or summaries made, shown, or given to those authorized hereby and according to the provisions hereof shall be stamped CONFIDENTIAL."

10. The inadvertent, unintentional or in camera disclosure of Confidential Materials shall not, under any circumstances, be deemed a waiver, in whole or in part, of any claims of confidentiality. By making information and documents designated as Confidential Materials available for use in this action, Defendants and Plaintiff have not waived or compromised the confidentiality or protectability of the same.

11. Counsel and the parties are required to advise, instruct and supervise all associates, staff and employees of counsel to keep designated Confidential Material confidential in the strictest possible fashion. Counsel and the parties also agree to such treatment of the information by themselves, and counsel will appropriately instruct their clients as to the protected nature of the information produced pursuant to this order and the limitations on its use and disclosure.

12. Documents marked "CONFIDENTIAL" shall not be filed with the Clerk except when required in connection with motions, motions to determine confidentiality under the terms of this Protective Order, and motions related to discovery disputes if the Confidential Material is relevant to the motion. Further, if

a party wishes to file Confidential Material with the court under seal, the party must seek leave of court to file the documents (s) under seal from the judge presiding over the particular hearing for which they wish to file the documents(s).

13. A party contemplating the filing with the court of any Confidential Material governed by this Protective Order must include a notice to the court that Confidential Material is being filed in a sealed envelope or other suitable sealed container with the case caption on the outside, and with the following or a similar statement: "Confidential - This envelope contains documents that are subject to a Protective Order entered by the court in this action governing the use of Confidential Material designated by the parties." All Confidential Materials so filed with the Court shall be maintained by the Clerk of the Court under seal and shall be released only upon further order of the court.

14. At the conclusion of this action (which will be the point at which a final judgment has been rendered and all appellate avenues of relief by any parties have been exhausted), Plaintiffs and their attorneys of record are ordered to either: (1) return all copies of the CERTAIN CALIFORNIA HIGHWAY PATROL RECORDS to counsel for Defendants, or (2) destroy all copies of the records. This Order does not require destruction of the originals of such records as they are kept and used in the ordinary course of business by Defendants and the California Highway Patrol.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

15. The Court may modify the Protective Order in the interests of justice or for public policy reasons.

Dated: October 5, 2016           LAW OFFICES OF KEITH H. RUTMAN


                                 By: /s/ Keith H. Rutman
                                     KEITH H. RUTMAN
                                     Attorney for Plaintiff


Dated: October 5, 2016           KAMALA D. HARRIS
                                 Attorney General of California


                                 By: /s/ Terry R. Price
                                     TERRY R. PRICE
                                     Deputy Attorney General
                                     Attorneys for Defendant

**IT IS SO ORDERED.**

Dated:  November 8, 2016         _____
                                 Jay C. Gandhi
                                 United State Magistrate Judge

# CERTIFICATE OF SERVICE

| Case Name: | **Antonellis, Toni v. State of California, et al.** | No. | **8:15-cv-00024-JVS-JCG** |
|---|---|---|---|

I hereby certify that on <u>October 5, 2016</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**STIPULATED PROTECTIVE ORDER**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on <u>October 5, 2016</u>, at San Diego, California.

|  A. Breault  |  *A Breault*  |
|---|---|
| Declarant | Signature |

SD2015700052
81477773.doc